UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No: 22-CV-22220-SCOLA/GOODMAN

NATALIE MENASHE, et al.,

    Plaintiffs,

v.

GEORGES ZARD ABOU JAOUDE,
et al.,

    Defendants.

_____/

**OMNIBUS ORDER GRANTING PLAINTIFFS'
MOTIONS FOR ALTERNATIVE SERVICE**

Plaintiffs Natalie Menashe, et al. ("Plaintiffs") filed Motions for Alternative Service under Federal Rule of Civil Procedure 4(f)(3) and Incorporated Memoranda of Law. [ECF Nos. 8; 13]. United States District Court Judge Robert N. Scola referred both matters to the Undersigned. [ECF Nos. 11; 14]. Judge Scola's referral Orders expressly mention 28 U.S.C. § 636(b)(1)(A) and Rule 1(c) of the Local Magistrate Judge Rules. Both the statute and the rule concern non-dispositive motions, which means Judge Scola's Orders request the Undersigned to issue an Order, not a Report and Recommendations.

For the reasons set forth below, the Undersigned **grants** Plaintiffs' motions.

**BACKGROUND**

Plaintiffs filed a Complaint against Defendants Georges Zard Abou Jaoude ("Abou Jaoude"), Mohamad Hamdoun ("Hamdoun"), and Ahmad Safa ("Safa") (collectively, "Defendants") under the Alien Tort Claims Act and Torture Victim Protection Act, alleging that Defendants were senior officers of Lebanese Canadian Bank, SAL ("LCB"), which Plaintiffs claim laundered hundreds of millions of dollars for Hezbollah, a terrorist organization responsible for a July 18, 2012 bombing at the Sarafovo Airport in Burgas, Bulgaria. [ECF No. 1]. Plaintiffs are comprised of victims of the bombing, their estates, and their close family members. *Id.* They seek both compensatory and punitive damages. *Id.*

Plaintiffs filed two motions to effect service via alternate means under Federal Rule of Civil Procedure 4(f)(3). [ECF Nos. 8; 13]. The first motion concerns Abou Jaoude, a foreign resident, and seeks permission to serve him by sending the summons and complaint via an international courier to his company, GZA Group. [ECF No. 8]. The second motion concerns Hamdoun and Safa. Plaintiffs seek permission to serve Hamdoun (a) via international courier at the Beirut office of LCB, where he serves as one of two liquidators; and (b) by sending the summons and complaint to his United States counsel. Likewise, Plaintiffs seek to serve Safa by sending the summons and complaint to his United States counsel.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 4(f)(3) provides a district court with broad authority to order an alternate method of service to be effectuated upon foreign defendants, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. *See* Fed. R. Civ. P. 4(f)(3); *see also Brookshire Bros., Ltd. v. Chiquita*

*Brands Int'l, Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)) ("[D]istrict courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." (alteration added)).

Although two subsections precede Rule 4(f)(3), it "is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently on equal footing." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). In other words, Rule 4(f)(3) contains no language limiting its availability to scenarios arising only after a plaintiff attempts service of process by *other* means. Indeed, Rule 4(f)(3) was "adopted in order to provide **flexibility and discretion** to the federal courts in dealing with questions of alternative methods of service of process in foreign countries." *Under Armour, Inc. v. 51nfljersey.com*, No. 13-62809-CIV, 2014 WL 644755, at *2 (S.D. Fla. Feb. 19, 2014) (emphasis added) (quoting *In re Int'l Telemedia Assoc., Inc.*, 245 B.R. 713, 719 (N.D. Ga. 2000)).

"[T]he decision to issue an order allowing service by alternate means lies solely within the discretion of the district court." *Chanel, Inc. v. Lin*, No. 08-23490-CIV, 2009 WL 1034627, at *1 (S.D. Fla. Apr. 16, 2009) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921 (11th Cir. 2003) (holding that a "district court 'may' direct alternate means of service [under Rule 4(f)(3)]")); *see also Rio Properties, Inc.*, 284 F.3d at 1018 ("[W]e leave it to the discretion of the district court to balance the limitations of email service against its benefits in any particular case."). Once service of process is

effectuated outside any judicial district of the United States, pursuant to Rule 4(f)(2) or (f)(3), proof is made "by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee." *Kipu Sys., LLC v. ZenCharts*, LLC, No. 17-24733-CIV, 2018 WL 8264634, at *1 (S.D. Fla. Mar. 29, 2018).

## ANALYSIS

In their Motions, Plaintiffs seek alternate service for three Defendants, who are all residents of Lebanon. Plaintiffs aver that delivery of the summons and complaint to either the individual Defendant's business, United States counsel, or a combination of the two methods is permitted by Rule 4(f)(3). The Undersigned agrees and finds that neither method is prohibited by an international agreement, nor would the alternate service offend due process.

Lebanon is not a party to the Hague Convention, nor is it a party to any other convention governing the international service of process. *See* Lebanon Judicial Assistance Information, Travel.State.Gov, available at https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Lebanon.html (last visited Nov. 11, 2022); *United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 267 (S.D.N.Y. 2012) ("Lebanon is not a party to the Hague Convention."). Because Lebanon is not a party to any international agreement dictating permissible forms of service, there can be no prohibition on any particular method of service. *Tatung Co. v. Shu Tze Hsu*, No. SACV 13-1743-DOC ANX, 2014 WL 2557867, at *1 (C.D. Cal. June 5, 2014) (because "[t]he United States and Taiwan have not signed any treaties or agreements regarding service of process from United States courts . .

.[,] no international agreement expressly prohibits service of Taiwanese defendants" under Rule 4(f)(3)); *Export–Import Bank of the United States v. Asia Pulp & Paper Co.*, No. 03 Civ. 8554, 2005 WL 1123755, at *2–5 (S.D.N.Y. May 11, 2005) (allowing alternative means of service when receiving country was "not party to any applicable treaty or agreement").

To pass constitutional muster, a method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties to the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Applying this construction of Rule 4(f)(3) and the standard articulated in *Mullane*, courts have authorized a wide variety of alternative methods of service. *See Birmingham v. Doe*, No. 21-CV-23472, 2022 WL 871910, at *6 (S.D. Fla. Mar. 24, 2022) (permitting service by e-mail, social media messaging, return-receipt mail, and designated website posting); *SEC v. Tome*, 833 F.2d 1086, 1094 (2d Cir. 1987) (service of process by publication in the Int'l Herald Tribune); *Int'l Controls Corp. v. Yesco*, 593 F.2d 166, 176–78 (2d Cir. 1979) (service by mail to last known address); *New Eng. Merchs. Nat'l Bank v. Iran Power Generation & Transmission Co.*, 495 F. Supp. 73, 80 (S.D.N.Y. 1980) (service by telex for Iranian defendants); *Levin v. Ruby Trading Corp.*, 248 F. Supp. 537, 541–44 (S.D.N.Y.1965) (service by ordinary mail); *Forum Fin. Group, LLC v. President & Fellows of Harvard Coll.*, 199 F.R.D. 22, 23–24 (D. Me. 2001) (service on defendant's attorney); *In re Int'l Telemedia Assoc.*, 245 B.R. 713, 719–20 (Bankr. N.D. Ga. 2000) (service by email).

Plaintiffs' proposed method of service of sending the complaint and summons to Aboue Jaoude via a reputable international courier service such as FedEx, DHL, or UPS to

GZA Group's listed address satisfies due process and is reasonably calculated to apprise Aboue Jaoude of the lawsuit. As Plaintiffs note in their motion, GZA Group is Aboue Jaoude's company.

Further, the following facts demonstrate Aboue Jaoude's personal involvement in the company: (1) GZA is an acronym for George Zard Aboue Jaoude; (2) the company is involve in myriad of Aboue Jaoude's business and philanthropic endeavors; (3) GZA explains on its website that it is the main umbrella that incorporates all of George Zard Abou Jaoude's activities, investments, expansion plans, and real estate developments; and (4) the GZA website also contains a lengthy personal biography of Aboue Jaoude, and is adorned with his photographs. Thus, there is little concern that mail addressed to Aboue Jaoude and delivered to his business will not reach him

Likewise, Plaintiffs' proposed methods of serving Hamdoun via international courier at the Beirut office of LCB, where Hamdoun serves as one of two liquidators; and (b) by sending the summons and complaint to the law firm Squire Patton Boggs, which is representing Hamdoun (or LCB under Hamdoun's supervision) in two other federal cases -- *Lelchook, et al. v. Lebanese Canadian Bank, SAL, et al.*, 18-cv-12401-GBD-KHP (S.D.N.Y.) and *Kaplan v. LCB*, 08-cv-7253-GBD-KHP (S.D.N.Y.) -- are also sufficient to satisfy due process.

According to Plaintiffs, Hamdoun is one of LCB's two liquidators, so documents addressed to him and mailed to LCB are reasonably likely to reach him. Additionally, Squire Patton Boggs personally represents Hamdoun in one federal case and represents LCB -- under Hamdoun's supervision -- in another case. Thus, both methods are reasonably

likely to result in Hamdoun being informed of this lawsuit.

Finally, Plaintiffs' proposal to serve Safa through Nixon Peabody, the law firm which represents him in the *Lelchook* case, is reasonably calculated to put Safa on notice of this lawsuit. *See, e.g., Oueiss v. Al Saud*, No. 1:20-cv-25022-KMM, 2021 WL 5088942, at *8 (S.D. Fla. Jan. 18, 2021) (permitting service by courier, email, and through U.S.-based counsel for different foreign defendants); *TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A. de DV*, 268 F.R.D. 687, 690–91 (S.D. Fla. 2010) (permitting service via FedEx and by hand-delivery to the defendant's attorneys in the United States).

Accordingly, the Undersigned finds that none of the proposed methods of alternate service offend due process. Serving Defendants at either their business or via their United States counsel is reasonably likely to put them on notice of the lawsuit and is permitted by Rule 4(f)(3).

## CONCLUSION

Plaintiffs have shown good cause why leave should be granted to allow alternative service of the summonses and the complaint on Aboue Jaude, Hamdoun, and Safa. For the foregoing reasons it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motions are **granted**:

Plaintiffs may serve copies of the summons and complaint in the following manner:

1. Upon Aboue Jaude, by sending the summons and complaint by an international

7

  courier company (such as FedEx, DHL or UPS) to:

> Georges Zard Abou Jaoude
> GZA Group
> Beit Misk, Metn Expressway
> Atshaneh, Metn, Lebanon

2. Upon Hamdoun, by

  A. delivering the summons and complaint by an international courier company (such as FedEx, DHL or UPS) to the office of the Lebanese Canadian Bank, SAL ("LCB") at the following address:

> Mohamad Hamdoun
> Lebanese Canadian Bank, SAL
> Minaa El Hosn
> Saint Charles City Center
> Beirut 1107-2110 Lebanon

and,

  B. by delivering the summons and complaint to Squire Patton Boggs, at the following address:

> Squire Patton Boggs (attention Mitchell R. Berger)
> 2550 M Street NW
> Washington DC 20037

3. Upon Safa, by delivering the summons and complaint to Nixon Peabody, at the following address:

> Nixon Peabody LLP (attention Daniel A. Schnapp)
> 55 West 46th Street
> New York, NY 10036-4120

Once completed, Plaintiffs shall file a copy of delivery confirmation (or substantially equivalent document) within ten days as proof that service has been carried

out upon Defendants as required by Federal Rule of Civil Procedure 4(l)(2)(B).

**DONE AND ORDERED** in Chambers, Miami, Florida, on November 28, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All counsel of record