United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Natalie Menashe, et al., Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 22-22220-Civ-Scola |
| ) | |
| Georges Zard Abou Jaoude, et al., ) | |
| Defendants. ) | |

### Order Granting Temporary Stay of Discovery

    The Plaintiffs, a group of victims of a terrorist bombing at the Sarafovo International Airport in Burgas, Bulgaria, bring this action against the Defendants Georges Zard Abou Jaoude, Mohamad Hamdoun, and Ahmad Safa (collectively, the "Defendants") for their alleged involvement in laundering funds for Hezbollah, the terrorist organization that perpetrated the attack. (Am. Compl., ECF No. 43.) The Plaintiffs seek compensatory and punitive damages for wrongful death, personal injury, and related torts pursuant to the Alien Tort Claims Act ("ATCA"), 28 U.S.C. § 1350 and the Torture Victim Protection Act ("TVPA"), 106 Stat. 73, note following 28 U.S.C. § 1350. (*Id.* ¶ 1.) In response, the Defendants have filed a motion to dismiss (Defs.' Mot. to Dismiss, ECF No. 52), submitting that the Court lacks personal jurisdiction over them, that the Court lacks subject matter jurisdiction over the Plaintiffs' ATCA claims, and that the Plaintiffs have failed to adequately allege a TVPA claim. The Plaintiffs have responded opposing dismissal (Pls.' Resp. to Mot. to Dismiss, ECF No. 63), and the Defendants have until August 11, 2023, to file a reply (*see* Order, ECF No. 62).

    Simultaneously with their request for dismissal, the Defendants moved to stay discovery, arguing that the Court should stay discovery pending resolution of their motion to dismiss because that motion is potentially case dispositive, the burden of proceeding with discovery in this complex case will be tremendous, and the Plaintiffs will not be prejudiced by the delay if dismissal is ultimately denied. (Defs.' Mot. to Stay, ECF No. 53.) The Plaintiffs object, primarily highlighting the merits of their opposition to the Defendants' motion to dismiss. (Pls.' Resp. to Mot. to Stay, ECF No. 58.) Having considered the parties' arguments, and for the following reasons, the Court finds a limited stay in this case warranted and therefore **grants** the Defendants' request for a temporary stay of discovery. (**Defs.' Mot. to Stay, ECF No. 53**.)

    District courts are given "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of*

*Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). And district courts have "broad authority to grant a stay." *In re Application of Alves Braga*, 789 F. Supp. 2d 1294, 1307 (S.D. Fla. 2011) (Goodman, Mag. J.). Courts consider the relative prejudice and hardship "worked on each party if a stay is or is not granted" and general efficiency. *Fitzer v. Am. Institute of Baking, Inc.*, No. 209-cv-169, 2010 WL 1955974 (S.D. Ga. May 13, 2010); *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1988) (noting that a court must also weigh "the harm produced by a delay in discovery" against "the likely costs and burdens of proceeding with discovery") (citations omitted). Moreover, so long as a stay is neither "immoderate" nor indefinite, a stay can be appropriate in the interest of judicial convenience. *Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262 (11th Cir. 2000) (provided a stay will expire within reasonable limits, it is not immoderate). In considering the balance, a court may take a "preliminary peek" at the merits of a dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006).

After a "preliminary peek" at the Defendants' motion to dismiss and the concomitant briefing, the Court finds that the issues raised, particularly with respect to the Court's lack of personal jurisdiction over the Defendants, appear to be both "clearly meritorious and truly case dispositive." *See Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012) (Scola, J.) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D.Fla.1997)). If the motion to dismiss is granted in its entirety, which at this preliminary stage appears likely, the need for any discovery in this proceeding—including what appears to involve wide-ranging discovery on an international scale—will, as the Defendants explain, be eliminated altogether. Further, the Plaintiffs do not identify any harm or prejudice that would outweigh the efficiencies gained as a result of the temporary pause in the litigation of this case. The Plaintiffs will be afforded sufficient opportunity to conduct fulsome discovery if their claims advance in this Court.[1]

The Court thus finds a stay warranted and **grants** the Defendants' motion to stay. (**Defs.' Mot. to Stay, ECF No. 53**.) Discovery is therefore **stayed** until this Court issues its order on the Defendants' motion to dismiss. If the motion is ultimately denied, discovery must immediately move forward. The parties must file an amended joint discovery plan and conference report within **seven days** if

---

[1] In their response opposing the Defendants' requested stay, the Plaintiffs briefly mention that in the alternative to allowing the parties to proceed with unlimited discovery, the Court should allow the parties to proceed with third-party merits and jurisdictional discovery. (Pls.' Resp. to Mot. to Stay 2, ECF No. 58.) However, because the Plaintiffs fail to address this point any further, including to explain why such limited discovery merits different treatment at this stage, the Court denies their request.

the Court denies the Defendants' motion. While discovery is stayed, the parties may not take any action related to discovery.

**Done and ordered** in Miami, Florida, on August 1, 2023.

_____
Robert N. Scola, Jr.
United States District Judge