United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Natalie Menashe, et al., Plaintiffs, | ) )|
| v. | ) Civil Action No. 22-22220-Civ-Scola ) |
| Georges Zard Abou Jaoude, et al., Defendants. | ) ) ) |

**Order Requiring Second Amended Complaint**

This matter is before the Court upon an independent review of the record. The Plaintiffs, a group of victims of a terrorist bombing at the Sarafovo International Airport in Burgas, Bulgaria, bring this action against the Defendants Georges Zard Abou Jaoude, Mohamad Hamdoun, and Ahmad Safa (collectively, the "Defendants") for their alleged involvement in laundering funds for Hezbollah, the terrorist organization that perpetrated the attack. (Am. Compl., ECF No. 43.) The Plaintiffs seek compensatory and punitive damages for wrongful death, personal injury, and related torts pursuant to the Alien Tort Claims Act ("ATCA"), 28 U.S.C. § 1350 and the Torture Victim Protection Act ("TVPA"), 106 Stat. 73, note following 28 U.S.C. § 1350. (*Id.* ¶ 1.) In response, the Defendants have filed a motion to dismiss (Defs.' Mot. to Dismiss, ECF No. 52), submitting that the Court lacks personal jurisdiction over them, that the Court lacks subject matter jurisdiction over the Plaintiffs' ATCA claims, and that the Plaintiffs have failed to adequately allege a TVPA claim. For the reasons set forth below, however, the Court **strikes** the Plaintiffs' **amended complaint**, with leave to amend, finding it to be a shotgun pleading (**ECF No. 43**), and **denies as moot** the Defendants' **motion to dismiss** (**ECF No. 52**.)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Complaints that fail to comply with these rules are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8 and 10, "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.*

(cleaned up). When presented with a shotgun pleading, a district court should strike the pleading and instruct the party to replead the case, assuming the litigant can "in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading").

The Plaintiffs' eighty-page amended complaint contains 359 numbered paragraphs, thus ensuring that it is neither short nor plain, as required by Federal Rule of Civil Procedure 8(a)(2). Undoubtedly, there may be circumstances in which a case is so inherently complex that such an extensive pleading is required. Here, however, the complaint's length is instead attributable to its inclusion of extensive, and apparently needless, details primarily touching on the actions of third parties. As just one example, paragraph 108 alone spans close to three pages, and is dedicated solely to listing examples of terrorist attacks carried out by Hezbollah, *other than* the attack that forms the basis of this action. (*See* Am. Compl. ¶ 108, ECF No. 43.) While the Court understands that the Plaintiffs' intention is to properly allege Hezbollah's status as an international terrorist organization, their pages of allegations on this point, which are not specifically connected to the facts of the case at hand, primarily serve only to further elongate an otherwise lengthy pleading. *See, e.g., WorldSpan Marine Inc. v. Comerica Bank*, No. 20-11646, 2021 U.S. App. LEXIS 36751, at *5 (11th Cir. Dec. 13, 2021) (agreeing with district court that amended complaint amounted to a shotgun pleading where, among other things, it "was replete with unnecessary information about non-parties [and] extraneous references to other lawsuits").

The amended complaint also violates Rule 10(b)'s requirement that each paragraph be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Indeed, as evidenced by the example described above of paragraph 108, the pleading is rife with paragraphs that are inappropriately extensive. Many of the paragraphs are close to half a page long and are certainly not limited to a single set of circumstances. This too complicates the Court's review of the Plaintiffs' allegations, as, for example, the Plaintiffs often combine in one paragraph various general and conclusory allegations with some discrete facts. (*See, e.g.,* Am. Compl. ¶ 16, ECF No. 43 (outlining all the elements of the money-laundering scheme).)

The Plaintiffs' violations of Rules 8 and 10 not only aggravate the Court's review, but, as a practical matter, make it impossible for the Defendants to properly ascertain the nature of the allegations against them. Perhaps most obviously, the Plaintiffs incorporate the full 297 introductory paragraphs into their first cause of action, and then proceed to incorporate all "the allegations contained in the preceding paragraphs" into each of their four remaining

causes of action. By incorporating the allegations in previous causes of action into subsequent causes of action, the Plaintiffs have presented the prototypical shotgun pleading. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (finding a "quintessential" shotgun pleading where "[e]ach count incorporate[d] by reference the allegations made in a section entitled 'General Factual Allegations'--which comprise[d] 146 numbered paragraphs--while also incorporating the allegations of any count or counts that precede[d] it"). This form of pleading makes it virtually impossible for either the Court or the Defendants to truly discern what facts are alleged in support of which causes of action.

Moreover, by continuously referring to the Defendants collectively, the amended complaint also commits the "relatively rare sin" of bringing "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015); *see also Kabbaj v. Obama*, 568 F. App'x 875, 880 (11th Cir. 2014) (finding that the complaint was a classic shotgun pleading, among other reasons, because it "refer[red] to the defendants collectively, making it impossible to identify which particular defendant engaged in what allegedly wrongful conduct"). "It is not impermissible for a plaintiff to plead all counts against all Defendants, so long as the Plaintiff pleads sufficient factual allegations supporting its claims for relief against each Defendant[]." *Exxon Mobil Corp. v. Individuals & Bus. Entities Identified on Schedule A*, Civil Action No. 22-22696-Civ-Scola, 2023 U.S. Dist. LEXIS 26727, at *9 (S.D. Fla. Feb. 16, 2023) (Scola, J.). Here, however, many, if not most, of the Plaintiffs' key allegations as to the Defendants' involvement in the money-laundering scheme are directed at them collectively.

For example, the Plaintiffs' repeatedly make allegations to the effect that "[t]he Defendants conspired with Hezbollah, its affiliates and agents to cause [the Lebanese Canadian Bank ("LCB")] to transfer substantial amounts of illicit funds to used car buyers in Florida and other U.S. states for purposes of laundering proceeds of illicit Hezbollah transactions and providing financial support to Hezbollah." (Am. Compl. ¶ 89, ECF No. 43.) Such allegations are critical, among other reasons, because the Plaintiffs rely exclusively on the theory of conspiracy jurisdiction to argue that the Court has personal jurisdiction over the Defendants. (*See* Resp. 4–16, ECF No. 63 (arguing conspiracy jurisdiction pursuant to both Fed. R. Civ. Pro. 4(k)(1) and 4(k)(2)).) However, as currently pled, the Plaintiffs' allegations are defective because they fail to appraise the Court or the Defendants of the extent of each Defendants' purported involvement in the conspiracy. Indeed, the Plaintiffs never actually

allege that any one of the Defendants specifically conspired with another person or entity to move Hezbollah's funds through the United States.

Finally, the Plaintiffs also improperly reference and incorporate external materials throughout their amended complaint. The Plaintiffs attach two exhibits from separate actions brought by the U.S. Government against LCB: (a) findings by the U.S. Treasury Department that LCB was engaged in money laundering activities for Hezbollah ("Treasury Finding"); and (b) the amended complaint in a civil forfeiture action filed by the U.S. Attorney's Office for the Southern District of New York ("Amended Forfeiture Complaint"). (Am. Compl. ¶ 14, ECF No. 43.) Federal Rule of Civil Procedure 10(c) allows for adoption by reference of particular statements made in other pleadings and specifies that exhibits to a pleading are considered part of that pleading for all purposes. Fed. R. Civ. Pro. 10(c). However, what the Plaintiffs do here is continuously refer to, without clearly adopting, the allegations appearing in the two exhibits to the amended complaint. For example, the Plaintiffs repeatedly use phrases like "as discussed in the Amended Forfeiture Complaint" and "[t]he Treasury Finding further alleges," making it unclear whether the Plaintiffs are merely pointing to what was said in those documents, or are specifically adopting the particular statements made as their own allegations. (Am. Compl. ¶¶ 66, 76, ECF No. 43.)

Even more troublesome is when the Plaintiffs' allegations reference parts of the exhibits generally, without specifying what particular information they are relying on, such as when they write "as described in greater detail in the Amended Forfeiture Complaint . . . ." (*Id.* ¶ 184.) "Especially where a party is represented by counsel, it is not the Court's duty to expend precious time and resources in attempting to decipher a pleading that can be clarified by more conscientious drafting." *Merch. One, Inc. v. TLO, Inc.*, No. 19-cv-23719, 2020 U.S. Dist. LEXIS 7462, at *10 (S.D. Fla. Jan. 16, 2020) (Bloom, J.); *see also Muhammad v. Muhammad*, No. 2:14cv592/MW, 2015 U.S. Dist. LEXIS 150736, at *13 (S.D. Ala. Oct. 19, 2015) ("Plaintiff cannot rely on allegations set forth in a pleading filed in another action to support his claims in this matter.").

Perhaps most problematic, however, is when the Plaintiffs cite to cases and materials, some of which have not been incorporated into the amended complaint as exhibits or otherwise, and misstate what is said therein. For example, the Plaintiffs cite to the case *Joumaa v. Mnuchin*, No. CV 17-2780 (TJK), 2019 WL 1559453 (D.D.C. Apr. 10, 2019), *aff'd*, 798 F. App'x 667 (D.C. Cir. 2020) in support of the allegation that "[t]he Treasury Department's Office of Foreign Asset Control ('OFAC') has also determined that Ayman Saied Joumaa . . . , a U.S. Department of Treasury-designated Drug Kingpin, laundered, **in Florida**, the proceeds of the Hezbollah narcotics trafficking operation." (Am. Compl. ¶ 83, ECF No. 43.) A review of that opinion, however,

reveals no discussion of Hezbollah or of any other terrorist organization. While it may ultimately be true that the facts underlying that case support the Plaintiffs' assertion, it is their role, not the Court's to ensure that materials referenced in their pleadings adequately support the statements for which they are being cited.

Accordingly, for the reasons set forth herein, the Court **strikes** the Plaintiffs' amended complaint as a shotgun pleading (**ECF No. 43**) and instructs them to **replead** their case though a second amended complaint, if they can, in good faith, allege facts directly supporting at least one viable claim for relief against the Defendants, or at least one of them. The Plaintiffs are cautioned to plead only facts that are tethered to a viable cause of action against each Defendant and to identify which facts relate to which cause of action. Further, in compliance with Federal Rule of Civil Procedure 10(b), the Plaintiffs must state their claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Court also directs the Plaintiffs to avoid conclusory or vague allegations, or to at least supplement them with fact-based claims directed at each specific Defendant.

The Plaintiffs must file their second amended complaint, compliant with the above and the Federal Rules of Civil Procedure, on or before **November 22, 2023**. The Plaintiffs are forewarned that if they fail to timely comply with this order, this case may be dismissed, albeit without prejudice. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-58 (11th Cir. 2018) ("Implicit in [] a repleading order is the 'notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions.'" (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001)).

In addition, because the Court has struck the Plaintiffs' amended complaint as a shotgun pleading, it **denies** the Defendants' pending **motion to dismiss as moot**. (**ECF No. 52**.) Should the Plaintiffs file a second amended complaint that complies with the instant order, the Defendants may renew their motion to dismiss.

**Done and ordered** in Miami, Florida, on November 8, 2023.

_____
Robert N. Scola, Jr.
United States District Judge